PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:     (818) 883-4900
Fax:           (818) 883-4902
Email:         peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:     (213) 599-8255
Fax:           (213) 402-3949
Email:         lonnieblanchard@gmail.com

Attorneys for Plaintiff Henry Roman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry Roman, an individual, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>          vs.<br><br>Northrop Grumman Corporation, a Delaware corporation, and Does 1 through 10,<br><br>          Defendants. | Case No.<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial for:**<br><br>1.  **Failure to Pay Compensation Due for Hours Worked**<br>2.  **Meal Period Violations**<br>3.  **Rest Period Violations**<br>4.  **Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**<br>5.  **Wage Statement and Recording Keeping Violations**<br>6.  **Violation of Business and Professions Code Section 17203**<br>7.  **Declaratory Relief** |

Plaintiff Henry Roman ("Plaintiff") alleges:

1.      This case arises out of Defendants' failure to comply with the California Labor Code and

applicable Wage Orders in the treatment of its non-exempt employees, including failure to pay wages for regular and overtime hours, failure to provide lawful meal and rest periods, failure to pay meal period and rest period wages, failure to pay waiting time wages, and failure to provide lawful itemized wage statements, *inter alia.*

## JURISDICTION

2.    Plaintiff is a citizen of California. Defendant Northrop Grumman Corporation ("Northrop Grumman") is a Delaware corporation with its principal place of business located at 2980 Fairview Park Drive, Falls Church, VA 22042. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## VENUE

3.    Venue is proper in the Central District of California under 28 U.S.C. Section 1391 because Defendant operates in this judicial district and a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## DEFENDANTS

4.    Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10, and, therefore, sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and class members' rights. Plaintiff will request leave of Court to amend this Claim to set forth their true names, identities and capacities when Plaintiff ascertains them.

5.    Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed

in furtherance of such conspiracy, and Defendants aided and abetted each other in their execution. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

6.      Plaintiff is a California resident. On or around April 3, 2008, Defendants offered Plaintiff a job as an LO Applicator, and, on or about April 8, 2008, Plaintiff accepted the job offer and continued as an employee until approximately February 22, 2016, when he was terminated. During his employment, Plaintiff primarily performed services for Defendants out of Defendants' business location at 3520 East Avenue M, Palmdale, California 93550 in Los Angeles County.

<u>**Class Action Allegations**</u>

7.      Plaintiff brings the action for himself and on behalf of the following classes and sub-classes, which are initially defined as follows:

### Unpaid Working Hours and Overtime Class – Security Line Claims

All non-exempt persons who were employed by Defendants in California during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court, who were not paid for time spent going through the security checks that Defendants required them to go through.

### Unpaid Overtime Class – Invalid or Non-Existent Alternative Work Elections

All non-exempt persons who were employed by Defendants in California and who worked hours in excess of 8 hours in a day and/or in excess of 40 hours in a week during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court, and were not paid overtime for all of such hours at the appropriate rate.

### Meal Period Class

All non-exempt persons who were employed by Defendants in California and who were not properly paid for meal periods that were not properly provided during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court.

### Rest Period Class

All non-exempt persons who were employed by Defendants in California and who were not properly paid for rest periods that were not properly provided during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court.

### Termination Pay Sub-Class

**Complaint**

All Unpaid Working Hours Class members, Unpaid Overtime Class members, Meal Period Class members, or Rest Period Class Members whose employment with Defendants terminated within three years prior to the filing of the original complaint in this action through the date of judgment entered herein.

**Records Violation Sub- Class**

All Unpaid Working Hours Class members, Unpaid Overtime Class members, Meal Period Class members, or Rest Period Class Members who worked for Defendants during the period one year prior to the filing of the original complaint in this action through the date of judgment entered herein.

8.      At some time during the class period, Plaintiff and all each class member were employed by Defendants in California.

9.      Each of the class members is identifiable and similarly situated to other class members of the class(es) and subclass(es) of which he or she is a member. Plaintiff reserves the right to seek leave to amend this Complaint to add as a named plaintiff some or all of the persons who are class members.

10.     The class action causes of action have been brought and may be maintained because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

11.     **Numerosity.** The number of class members is so numerous that joinder of all members is impractical in that Plaintiff believes there are more than 100 class members. The names and addresses of the class members are identifiable through documents maintained by the Defendants, and the other class members may be notified of the pendency of this action by published and/or mailed notice.

12.     **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a.      Whether Defendants implemented and engaged in a systematic practice whereby Defendants unlawfully failed to pay Plaintiff and other class members for hours worked in violation of California law;

    b.   Whether the time spent by Plaintiff and other class members traversing company grounds to and through security turnstiles constituted "hours worked" under California law for which they were entitled to be compensated;

    c.   Whether Plaintiff and other class members are entitled to compensation or restitution under the applicable IWC Wage Order(s), regulations or statutes;

    d.   Whether Defendants failed to pay Plaintiff and other Unpaid Overtime Class members all compensation due them for overtime;

    e.   Whether Defendants failed to provide Plaintiff and other class members with the required meal periods;

    f.   Whether Defendants failed to provide Plaintiff and other class members with the required rest periods;

    g.   Whether Defendants failed to provide accurate wage statements to Plaintiff and other class members;

    h.   Whether Defendants' failure to furnish accurate and complete wage statements was knowing and intentional within the meaning of Labor Code Section 226;

    i.   Whether Defendants failed to pay Plaintiff and other Termination Pay Sub-class members all wages due them;

    j.   The appropriateness and nature of relief to Plaintiff and other class members;

    k.   The appropriate type and/or measure of damages; and

    l.   The extent of the liability of Defendants to Plaintiff and other class members.

13.   **Typicality.** Plaintiff is a member of each of the classes and sub-classes, and Plaintiff's claims are typical of the claims of the class members. Plaintiff and the other class members sustained damages arising out of Defendants' common policies and/or course of conduct in violation of the law as alleged herein. Plaintiff is entitled to the same relief under the class action causes of action as the other class members.

14.   **Adequacy.** Plaintiff will adequately and fairly protect the interests of the class members. Plaintiff was employed by Defendants at times during the class period and is an adequate

representative for the class members because Plaintiff has no interests adverse to the interests of the absent class members. Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation. The interests of the class members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

15. **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the claims of the class members, since joinder of all class members is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many individual class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. Furthermore, questions of law and fact common to the class members predominate over questions affecting only individual class members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof.

**Cause of Action No. 1**
**Failure to Pay Compensation Due for Hours Worked**
**(Against All Defendants)**

16. Plaintiff realleges all of the preceding paragraphs.

**<u>Failure to Pay at Least Minimum Wage for Each Hour Worked</u>**

17. Labor Code Section 1182.12 in relevant part provides:

> Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

18. Labor Code Section 1197 in relevant part provides:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

19.    Paragraph 4 of the applicable Wage Order provides in relevant part:

> (A) Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016, except: LEARNERS: Employees during their first 160 hours of employment in occupations in which they have no previous similar or related experience, may be paid not less than 85 percent of the minimum wage rounded to the nearest nickel.

> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise...

20.    Plaintiff and other class members were required to work off the clock before and after they clocked in for work. Specifically, at the beginning of their shifts, Defendants required Plaintiff and other class members to park in a Northrop Grumman parking lot, then walk to a security turnstile ("Turnstile 1") where their security badges were scanned. This turnstile represented a first level of security clearance. Once past Turnstile 1, Plaintiff and other class members were in a secured work zone, were under the control of Defendants and were entitled to pay.

21.    Rather than allowing Plaintiff and other class members to clock-in at Turnstile 1, Defendants required them to walk a significant distance to a second security turnstile ("Turnstile 2") where again their badges were scanned. This turnstile represented a second level of security clearance.

22.    For some class members, Turnstile 2 may have been the last security turnstile they were required to pass through and only upon passing through Turnstile 2 would they be clocked-in.

23.    Defendants required other class members, including Plaintiff, to walk even further to a third security turnstile ("Turnstile 3") where their security badges were scanned a third time. This third turnstile represented a third level of security clearance generally specific to the project on which employee was working. Only upon their last scanning were Plaintiff and other class members clocked in.

24.    Similarly, at the end of their workday, Plaintiff and other class members were clocked out when they swiped their security badges at the turnstile where they were clocked in. Defendants then

required Plaintiff and other class members to walk back, in reverse order, by way of the same turnstiles they had passed through at the beginning of their day. At each turnstile they were required by Defendants to again swipe their security badges.

25.    Defendants failed to pay Plaintiff and other class members for this time at the beginning and end of each shift during which they were required by Defendants to work off the clock. For Plaintiff, it took approximately 10-15 minutes for him to get from Turnstile 1, through Turnstile 2 and to Turnstile 3 at the beginning of his shift. Similarly, at the end of the shift, it took approximately the same amount of time for Plaintiff to get from the Turnstile 3 though Turnstile 2 and back to Turnstile 1.

26.    As described above, Defendants failed to allow Plaintiff and other class members to clock in at the actual beginning of their shifts and instead required them to clock in several minutes after their work had begun. Nonetheless, Defendants based the time and amount of Plaintiff and other class members' meal and rest periods on this inaccurate clock-in time. As such, rest and meal breaks were untimely, non-compliant and/or not provided. Nonetheless, Defendants failed to pay Plaintiff and other class members the rest period and meal period premiums owing to them.

27.    Labor Code Section 1194.2 in relevant part provides:

(a) In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

**Failure to Pay for Overtime Hours Worked**

28.    Labor Code Section 510 provides in relevant part:

(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less

than twice the regular rate of pay of an employee…

29.     Paragraph 3 of the applicable Wage Order provides in relevant part:

3. HOURS AND DAYS OF WORK

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

30.     Plaintiff and other class members worked more than eight hours per day and/or more than 40 hours per week, and, were, therefore, entitled to overtime. Defendants failed to properly record all hours worked, including but not limited to hours Plaintiff and other class members were obligated to work before they were allowed to clock in and after they were required to clock out. By failing to include these hours as part of Plaintiff and other class members' work hours, Defendants necessarily miscalculated and failed to pay the overtime or double time wages owing to them.

31.     Even without taking into account the time worked by class members in going through security checks, class members worked more than eight hours per day and/or more than 40 hours per week and were therefore entitled to overtime. Defendants failed to pay the overtime due Plaintiff and such members.  Primarily, Plaintiff and other class members were not paid for overtime as a result of the amount of time that they were not paid for off-the-clock time going through Defendants' security checkpoints and because of invalid or nonexistent alternative work week elections.

**Complaint**

32.    Labor Code Section 1194 in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

33.    Labor Code Section 218.6 in relevant part provides:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2.

34.    Plaintiff has incurred and is entitled to attorney's fees and costs for pursuing this claim.

**Cause of Action No. 2**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Meal Period Wages**
**(Against All Defendants)**

35.    Plaintiff realleges all of the preceding paragraphs.

36.    Labor Code Section 512 provides in relevant part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

37.    Labor Code Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

38.    Paragraph 11 of the applicable Wage Order (No. 1) provides in relevant part:

> 11. MEAL PERIODS

> (A) No employer shall employ any person for a work period of more than five (5) hours

without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. In the case of employees covered by a valid collective bargaining agreement, the parties to the collective bargaining agreement may agree to a meal period that commences after no more than six (6) hours of work.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

39. As alleged above, Defendants failed to allow Plaintiff and other class members to clock in at the actual beginning of their shifts and instead required them to clock in several minutes after they began working. Nonetheless, Defendants based the timing and number of Plaintiff and other class members' meal and rest periods on this inaccurate clock-in time. As a result, Defendants failed to provide timely, compliant meal periods.

40. Additionally, Plaintiff and other class members regularly worked in excess of 10 hours per workday, and, therefore, had the right to take a second meal period on those workdays, but Defendants did not provide them with such meal periods.

41. Pursuant to Labor Code Section 226.7, Plaintiff and other class members were entitled to one additional hour of pay at the employee's regular rate of compensation for each workday that the required meal period(s) were not provided. Defendants have not paid Plaintiff and the class members the additional pay due them under Section 226.7 and Paragraph 11 of the applicable Wage Order.

**Complaint**

42.    In addition, Plaintiff and other class members were not properly paid overtime because Defendants did not have valid alternative work week elections in place.

**Cause of Action No. 3**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Rest Period Wages**
**(Against All Defendants)**

43.    Plaintiff realleges all of the preceding paragraphs.

44.    Labor Code Section 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

45.    Paragraph 12 of the applicable Wage Order provides in relevant part:

12. REST PERIODS

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

46.    As alleged above, Defendants failed to allow Plaintiff and other class members to clock in at the actual beginning of their shifts and instead required them to clock in several minutes after they began working. Defendants based the timing and number of Plaintiff and other class members' rest periods on this inaccurate clock-in time. As a result, Defendants failed to provide timely, compliant rest periods.

47.    Because Defendants' unlawful, class-wide rest period policy and/or practice failed to give effect to the "major fraction" language of the applicable Wage Order, Defendants did not provide

**Complaint**
12

Plaintiff and other class members with all rest periods to which they were entitled under California law. Even though Plaintiff and other class members worked shifts greater than three and one-half hours but less than four hours, and worked shifts greater than six hours but less than eight hours, and Plaintiff and other class members worked shifts greater than 10 hours, Defendants deprived them of all of the rest periods to which they were entitled.

48.    Pursuant to Labor Code Section 226.7, Plaintiff and class members were entitled to one additional hour of pay at the employee's regular rate of compensation for each workday that the required rest periods were not provided. Defendants have not paid Plaintiff and class members the additional pay due them under Section 226.7.

## Cause of Action No. 4
## Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203
## (Against All Defendants)

49.    Plaintiff realleges all of the preceding paragraphs.

50.    Labor Code Section 201 in relevant part provides:

> (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...

51.    Labor Code Section 202 in relevant part provides:

> (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting....

52.    Labor Code Section 203 provides in relevant part:

> (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…

> (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

53.    The employment of Plaintiff and other Termination Pay sub-class members with Defendants terminated.

54. Defendants were aware that Plaintiff and other Termination Pay sub-class members whose employment had been terminated had not been paid the regular time, overtime, meal period, and/or rest period wages earned and unpaid at the time their employment terminated.

55. When the employment of Plaintiff and other Termination Pay sub-class members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them, including wages due for regular hours worked, wages for overtime hours worked, meal period wages and/or rest period wages in the time required by Sections 201 or 202.

56. Labor Code Section 218.5 provides in relevant part:

> (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

57. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 5**
**Wage Statement and Record-Keeping Violations**
**(Against All Defendants)**

58. Plaintiff realleges all of the preceding paragraphs.

59. Labor Code Section 226 provides in relevant part:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the

**Complaint**

14

employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

. . .

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2)(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

(C) For purposes of this paragraph, "promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. . . .

60.    California Labor Code Section 1174 provides in relevant part:

Every person employing labor in this state shall:

. . . (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate

paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

61.     Paragraph 7 of the applicable Wage Order provides in relevant part:

7. Records

(A) Every employer shall keep accurate information with respect to each employee including the following: . . .

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

62.     Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to maintain and furnish class members with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, meal period premiums, rest period premiums, and total net wages earned, *inter alia*, in violation of Labor Code Sections 226 and/or 1174.

63.     Defendants' failure to furnish Plaintiff and other class members with complete and accurate itemized wage statements resulted in actual injury because such failures led to, among other

things, the non-payment of all their regular and overtime wages and meal and rest period premiums and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

64.     Plaintiff and class members are entitled to damages and/or penalties pursuant to Labor Code Section 226.

65.     Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 6**
**Violation of California Business and Professions Code Section 17200,** *et seq.*
**(Against All Defendants)**

66.     Plaintiff realleges all of the preceding paragraphs.

67.     Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any ***unlawful***, ***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

68.     Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful business acts and/or practices.

69.     Defendants have been unjustly enriched as a result of Defendants' unlawful and/or unfair business acts and/or practices

70.     Business & Professions Code Section 17203 provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

71.     Plaintiff and all class members seek restitution of money and/or property by which Defendants were unjustly enriched during the Class Period.

72.     Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Complaint**

17

**Cause of Action No. 7**
**For Declaratory Relief**
**(Against All Defendants)**

73.     Plaintiff realleges all of the preceding paragraphs.

74.     Plaintiff and other class members entered into arbitration agreements that purported to have them waive the right to pursue any class action claims against Defendants.

75.     Plaintiff contends that such purported waivers are unenforceable.

76.     Defendants contend that such purported waivers are enforceable.

77.     An actual controversy has arisen and now exists between Defendants and Plaintiff and class members regarding the enforceability of such class action waivers.

78.     Plaintiff desires a judicial determination as to the enforceability of the class action waivers.

        WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.      For damages for unpaid wages according to proof.

2.      For compensatory damages according to proof.

3.      For restitution and disgorgement for all unlawful and/or unfair business acts and/or practices according to proof.

4.      For attorney's fees and costs as allowed by law.

5.      For penalties as allowed by law.

6.      For prejudgment interest.

7.      For punitive damages according to proof.

8.      For a declaration that the purported class action waiver in the arbitration agreement between Defendant and the class members is unenforceable.

9.      For such other and further relief as the Court deems proper.

**Complaint**

1       Dated: September 13, 2016    THE DION-KINDEM LAW FIRM

2

3       BY: _____

4                PETER R. DION-KINDEM, P.C.

5                PETER R. DION-KINDEM
             Attorneys for Plaintiff Henry Roman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint**