**EXHIBIT C**



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Adding Fuel To The Employment Arbitration Agreement Fire

Law360, New York (September 13, 2016, 11:35 AM EDT) -- Amid contrary decisions by the Seventh and Ninth Circuits, the Second Circuit followed its earlier precedent in Patterson v. Raymours Furniture Co.[1], enforcing an employment arbitration program (EAP) that requires employees to submit their employment and compensation claims to individual arbitration.

The EAP, however, permits employees to file charges and participate in investigations before the U.S. Equal Employment Opportunity Commission and state or local anti-discrimination agencies and did not compel employees to waive any rights they had under the National Labor Relations Act or prevent employees from filing unfair labor practice charges with the National Labor Relations Board.



John B. Lewis

## The Case History

A Raymours Furniture Company Inc. employee, Connie Patterson, filed a putative collective and class action raising claims under the Fair Labor Standards Act and the New York Labor Law (NYLL). She had worked as a sales associate and claimed that Raymours had misclassified all of its sales associates as exempt from the overtime provisions of the FLSA and NYLL. In response, Raymours moved to compel arbitration under the EAP. On March 27, 2015, the district court granted the motion holding that the class action waiver in the agreement was enforceable.[2]

Patterson maintained that the EAP's prohibition of class or collective actions violated the employees' right to engage in "concerted activities" under the NLRA.[3] But the lower court rejected the assertion, holding that the Federal Arbitration Act required arbitration of Patterson's claims because the plaintiffs had agreed to arbitrate their claims based on the EAP's terms. In its opinion and order, the district court followed the analysis of Sutherland v. Ernst & Young LLP[4] finding "that the NLRA does not stand in the way of the FAA's command to enforce arbitration agreements 'according to their terms.'"[5]

## The Appeal

The issue on appeal was "whether the EAP's prohibition of class or collective adjudication of work-related claims illegally restricts employees' substantive rights under the NRLA and the Norris-La Guardia Act (NLGA) and is unenforceable under the FAA." The Second Circuit noted that the NLRB had previously determined that Sections 7 and 8(a)(1) of the NLRA prevent enforcement of arbitration agreements that prospectively waive an employee's right to pursue legal claims in any forum on a collective basis. See D.R. Horton[6] and Murphy Oil USA, Inc.[7]

But, the NLRB's position had been rejected previously by both the Fifth and Eighth Circuits. D.R. Horton v. NLRB[8], Murphy Oil USA Inc. v. NLRB[9] and Cellular Sales of Missouri LLC v. NLRB[10]. As referenced above, the Seventh and Ninth Circuits have recently taken a different course, agreeing with the board's position. Morris v. Ernst & Young LLP[11] and Lewis v. Epic Systems Corp.[12].

Indeed, the Seventh and Ninth Circuits saw no conflict between the NLRA and the FAA regarding

Cripps Decl., Ex. C
169

arbitration agreements with class action waivers. They both found that the savings clause of the FAA resolved the issue by stating that agreements to arbitrate "*shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.*" [13] The Seventh and Ninth Circuits had held an "illegal" arbitration agreement under the NLRA, "meets the criteria of the FAA's savings clause for nonenforcement."

The Second Circuit, however, found it was bound by precedent to follow its earlier Sutherland decision in Patterson[14], which "decline[d] to follow the [NLRB's] decision" in D.R. Horton "that a waiver of the right to pursue a FLSA claim collectively in any forum violates the [NLRA]."[15]

That said, the court mused: "If we were writing on a clean slate we might well be persuaded, for the reasons forcefully stated in Chief Judge Wood's and Chief Judge Thomas's opinions in Lewis and Morris, to join the Seventh and Ninth Circuits and hold that the EAP's waiver of collective action is unenforceable." But, the court was not writing on a clean slate and thus followed its Sutherland opinion which "clearly presented" and "rejected the appellant's position." Indeed, in Sutherland the parties "extensively briefed their arguments under the NLRA and the NLGA, and the panel's rejection of those arguments was necessary to its judgment."[16]

## What the Future Holds

U.S. Supreme Court review now seems inevitable. Indeed, both Epic Systems Corp. and Ernst & Young LLP have now filed petitions for certiorari with the Supreme Court.

Yet, even within those circuits that have found class action waivers unenforceable, there are differences. For example, the Ninth Circuit in Morris v. Ernst & Young LLP[17] acknowledged its prior Johnmohammadi v. Bloomingdale's Inc.[18] opinion that an arbitration agreement with a class and collective action waiver did not violate the NLRA because the employee could have opted out of individual arbitration but did not do so.

Indeed, in a footnote, the recent Ninth Circuit opinion in Mohamed v. Uber Technologies stated: "... the option to opt out meant that Uber drivers were not required 'to accept a class action waiver as a condition of employment' and thus there was 'no basis for concluding that [Uber] coerced [plaintiffs] into waiving [their] right to file a class action' in violation of the NLRA."[19] So, the Ninth Circuit appears to have a different perspective on opt-outs than the Second Circuit and the NLRB.

Putting those analytical differences aside, huge uncertainties abound. If the Supreme Court grants certiorari, what will be the outcome? Justice Antonin Scalia's recent death looms large here. After all, he wrote the majority opinions in Concepcion[20] and American Express[21], two of the most influential class action waiver cases within the past decade. Without his power of persuasion on the court, particularly with respect to FAA pro-arbitration policy, how much room is there for Judge Wood's reasoning in Lewis[22] to prevail?

Alternatively, could a 4-4 split leave both the Fifth and Seventh Circuit opinions standing? And doctrinally, the court may be compelled to consider that it previously held employment statutory claims that provided for class treatment to be subject to mandatory arbitration. See, e.g., Gilmer v. Interstate/Johnson Lane Corp.[23]

Finally, who wins the presidential election could have a major impact on both the Supreme Court and the NLRB. In the interim, companies will be challenged on how to enforce nationwide arbitration agreements.

—By John B. Lewis, BakerHostetler

*John Lewis is a partner with BakerHostetler in Cleveland. He concentrates his practice on the resolution of complex employment, labor and regulatory disputes, including the defense and oversight of class action litigation.*

*The opinions expressed are those of the author(s) and do not necessarily reflect the views of the firm, its clients, or Portfolio Media Inc., or any of its or their respective affiliates. This article is for general information purposes and is not intended to be and should not be taken as legal advice.*

Cripps Decl., Ex. C
170

[1] Patterson v. Raymours Furniture Co., No. 15-2820 (Sept. 2, 2016) (Summary Order).

[2] Patterson v. Raymours Furniture Co., 96 F.Supp. 3d 71 (S.D.N.Y. 2015).

[3] Section 7 of the NLRA, 29 U.S.C. § 157.

[4] Sutherland v. Ernst & Young LLP, 726 F.3d 290, 296 (2d Cir. 2013).

[5] citing, CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012).

[6] D.R. Horton Inc., 357 NLRB No. 184, 2012 WL 36274 (2012).

[7] Murphy Oil USA Inc., 361 NLRB No. 72, 2014 WL 546554 (2014).

[8] D.R. Horton v. NLRB, 737 F.3d 344 (5th Cir. 2013).

[9] Murphy Oil USA Inc. v. N.L.R.B., 808 F.3d 1013, 1015 (5th Cir. 2015).

[10] Cellular Sales of Missouri LLC v. N.L.R.B., 824 F.3d 772 (8th Cir 2016).

[11] Morris v. Ernst & Young LLP, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016).

[12] Lewis v. Epic Systems Corp., 823 F.3d 1147 (7th Cir. 2016).

[13] 9 U.S.C. § 2 (emphasis added).

[14] Patterson v. Raymours Furniture Co., No. 15-2820 (Sept. 2, 2016) (Summary Order).

[15] Sutherland v. Ernst & Young LLP, 726 F.3d at 297 n. 8.

[16] Patterson v. Raymours Furniture Co., 96 F.Supp. 3d 71 (S.D.N.Y. 2015).

[17] Morris v. Ernst & Young LLP, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016).

[18] Johnmohammadi v. Bloomingdale's Inc., 755 F.3d 1072 (9th Cir. 2014).

[19] Mohamed v. Uber Technologies, Case Nos. 15-16178 and No. 15-16250 and Gillette v. Uber Technologies Inc., Case No. 15-16181.

[20] AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011).

[21] American Express Co. v. Italian Colors Restaurant, 133 S. Ct. 2304 (2013).

[22] Lewis v. Epic Systems Corp., 823 F.3d 1147 (7th Cir. 2016).

[23] Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991).

All Content © 2003-2016, Portfolio Media, Inc.