UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-6848-CAS(GJSx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | HENRY ROMAN v. NORTHROP GRUMMAN CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANT NORTHRUP GRUMMAN'S MOTION TO COMPEL ARBITRATION (Dkt. 9, filed October 5, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of December 19, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On September 13, 2016, plaintiff Henry Roman, on behalf of himself and all others similarly situated, filed a class action complaint against defendants Northrop Grumman Corporation and Does 1–10. Dkt. 1 ("Compl"). Plaintiff asserts seven claims against defendants: (1) failure to pay compensation due for hours worked; (2) meal period violations; (3) rest period violations; (4) failure to pay waiting time wages pursuant to Labor Code § 203; (5) wage statement and recording keeping violations; (6) violation of Business and Professions Code § 17203; and (7) declaratory relief. Id.

Prior to filing this action, on August 26, 2016, plaintiff brought a similar arbitration demand against the same defendants, asserting the first six claims that he raises in the instant action, along with two additional claims: (1) recovery of civil penalties pursuant to the California Private Attorney General Act ("PAGA"), and (2) wrongful termination in violation of public policy. See dkt. 9-4 at 10.

On October 5, 2016, Northrup Grumman filed the instant motion to stay proceedings in this case pending the Supreme Court's resolution of a central legal issue. Dkt. 9 at 6 ("Motion"). In the alternative, Northrup Grumman requests that the Court stay proceedings pending determination by the arbitrator as to the proper venue for plaintiff's PAGA claim. Id. at 9. In the event the Court disagrees with these arguments,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-6848-CAS(GJSx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | HENRY ROMAN v. NORTHROP GRUMMAN CORPORATION ET AL. | | |

Northrup Grumman requests that the Court compel bilateral arbitration of plaintiff's claims in this case or that the Court dismiss plaintiff's claims for failure to bring them in an arbitration venue. Id. at 9, 13.

On November 28, 2016, plaintiff filed his opposition to defendant's motion. Dkt. 12. Northrup Grumman filed its reply on December 5, 2016. Dkt. 13.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that he accepted a job offer from defendants on April 3, 2008 and served as an employee until his termination on February 22, 2016. Compl. ¶ 6. Plaintiff alleges that he and all of the class members were employed by defendants in California. Id. ¶ 8.

As described above, plaintiff alleges seven claims against defendants: (1) failure to pay compensation due for hours worked; (2) meal period violations; (3) rest period violations; (4) failure to pay waiting time wages pursuant to Labor Code § 203; (5) wage statement and recording keeping violations; (6) violation of Business and Professions Code § 17203; and (7) declaratory relief. See generally id.

With respect to plaintiff's claim for declaratory relief, plaintiff seeks a judicial determination of the enforceability of the arbitration agreements in which plaintiff and other class members purported to "waive the right to pursue any class actions claims against Defendants." Id. ¶¶ 74–78.

Northrup Grumman asserts, and plaintiff does not dispute, that plaintiff executed an arbitration agreement upon accepting employment with NG. Motion at 4. That arbitration agreement provides: "By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury." Dkt. 9-4 at 53; id. at 54 (substantially the same). The arbitration agreement covers "any claim, controversy, or dispute, past, present, or future" that (a) "in any way arises out of, relates to, or is associated with your employment with the Company, the termination of your employment, or any communications with third parties regarding or related to your

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-6848-CAS(GJSx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | HENRY ROMAN v. NORTHROP GRUMMAN CORPORATION ET AL. | | |

employment;" and (b) "[a]s to which a court would be authorized by law to grant relief if the claim were successful." Id. at 54.

On August 22, 2016, the Ninth Circuit held that an arbitration agreement that required "its employees to resolve all of their legal claims in 'separate proceedings'" effectively precluded concerted work-related legal claims and therefore violated the plaintiff-employees' right to engage in concerted activity under the National Labor Relations Act ("NLRA"). See Morris v. Ernst & Young, LLP, 834 F.3d 975, 980 (9th Cir. 2016). The Ninth Circuit's decision in Morris created a circuit split on this issue. Compare Lewis v. Epic Sys. Corp., 823 F.3d 1147, 1155 (7th Cir. 2016) (consistent with the Ninth Circuit, finding unenforceable an arbitration provision stating that employees "waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding") with Cellular Sales of Missouri, LLC v. Nat'l Labor Relations Bd., 824 F.3d 772, 776 (8th Cir. 2016) ("[W]e conclude that Cellular Sales did not violate section 8(a)(1) by requiring its employees to enter into an arbitration agreement that included a waiver of class or collective actions in all forums to resolve employment-related disputes."); Murphy Oil U.S.A., Inc. v. NLRB, 808 F.3d 1013 (5th Cir. 2015) (employer committed "no unfair labor practice by requiring employees to relinquish their right to pursue class or collective claims in all forums by signing the arbitration agreements at issue here."); Sutherland v. Ernst & Young LLP, 726 F.3d 290, 297 n.8 (2d Cir. 2013).

On September 8, 2016, Earnst & Young petitioned the Supreme Court for a writ of certiorari in Morris. That petition is now pending before the Supreme Court. Nonetheless, plaintiff argues that Morris controls this case and the purported class action waiver in the arbitration agreement is unenforceable. Opp'n at 2.

## III. LEGAL STANDARDS

### A. Motion to Stay

A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-6848-CAS(GJSx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | HENRY ROMAN v. NORTHROP GRUMMAN CORPORATION ET AL. | | |

See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Among the factors to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" Lockyer, 398 F.3d at 1112. In all cases, "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

## IV. DISCUSSION

Northrup Grumman argues that the Court should stay proceedings in this case pending the Supreme Court's resolution of the pending petition for a writ of certiorari in Morris. Motion at 6. Northrup Grumman contends that a Supreme Court decision reversing Morris would require bilateral arbitration in the present case. Id. Northrup Grumman therefore argues that it would be a waste of judicial and party resources, including costs associated with discovery, to adjudicate Northrup Grumman's motion to compel arbitration while the Morris appeal is pending. Id. at 8. Plaintiff argues that the petition for review in Morris is not grounds to stay this action. Opp'n at 8.

As noted above, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva, 593 F.2d at 863; see also Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." (citing Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937))).

The Court agrees with Northrup Grumman that the Supreme Court's resolution of the question presented in Morris would also resolve a central question in this case—whether an agreement that requires an employee to arbitrate claims against an employer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-6848-CAS(GJSx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | HENRY ROMAN v. NORTHROP GRUMMAN CORPORATION ET AL. | | |

on an individual, rather than collective, basis violates the collective-bargaining provisions of the NLRA. The Court therefore concludes that a brief stay, to ascertain whether the Supreme Court will grant the petition for a writ of certiorari in Morris, would serve "the orderly course of justice [as] measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer, 398 F.3d at 1110 (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). The Court further notes that plaintiff has failed to articulate any "possible damage which may result from the granting of a stay." Id. Therefore, a stay is wholly appropriate.

Accordingly, the Court grants Northrup Grumman's motion for a stay and hereby stays the instant proceeding until February 27, 2017. Absent a showing of good cause, the stay shall not be extended.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** Northrup Grumman's motion and **HEREBY STAYS** the instant proceeding until February 27, 2017. The Court does not reach the merits of the remainder of Northrup Grumman's arguments in the instant motion. The parties are directed to file a joint status report on February 27, 2017, informing this Court as to whether the Supreme Court granted the petition for a writ of certiorari in Morris. The parties are directed to appear on Monday, March 6, 2017 at 11:00 am for a status conference.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |